# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

STEVE PHILLIPS, and
PHILLIPS GENERAL & MECHANICAL, INC.

    Plaintiffs,

v.

PERSONS SERVICES CORPORATION,

    Defendant.

Case No. _____
JURY DEMANDED

## COMPLAINT FOR DAMAGES UNDER THE FLSA
## AND FOR DECLARATORY JUDGMENT

Plaintiffs Steve Phillips and Phillips General & Mechanical, Inc., through their attorneys, brings this action against Defendant Persons Services Corporation under the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") for failure to pay wages earned by Steve Phillips, including overtime compensation, and for a declaratory judgment declaring that neither Mr. Phillips nor Phillips General & Mechanical, Inc. has committed a number of business torts alleged by Defendant.

## I. THE PARTIES

1. Plaintiff Steve Phillips is an individual resident of Shelby County, Tennessee.

2. Plaintiff Phillips General & Mechanical, Inc. ("Phillips General") is a corporation organized under the laws of the State of Tennessee with its principal place of business in Shelby County, Tennessee.

3. Defendant Persons Services Corporation ("Persons") is a corporation organized under the laws of the State of Alabama, with its principal place of business in Mobile, Alabama.

Defendant may be served via service upon its registered agent for service of process, Paul F. Persons, Jr., 4474 Halls Mill Road, Mobile, AL 36693.

4. At all relevant times herein, Defendant was an "employer" of Plaintiff Steve Phillips within the meaning of the FLSA, 29 U.S.C. § 203(d).

5. Defendant is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §302(s)(1)(A) in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000. Specifically, Defendant has annual sales of not less than $500,000.

## II. JURISDICTION

6. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7. This Court further has diversity jurisdiction to hear this Complaint because complete diversity exists between the parties and the amount in controversy exceeds $75,000.00.

## II. FACTS

8. Plaintiff Steve Phillips is the principal owner of Phillips General, a company that performs pipefitting and other industrial services.

9. In November of 2016, Mr. Phillips decided that he would rather be an employee of another company than continue to devote his primary efforts to Phillips General.

10. He moved to Alabama to take a job with a company. When that opportunity did not work out as planned, he was hired by Persons to work as a general manager for various projects across the Southeast.

11. In November of 2018, he turned in his resignation to Persons, advising that he and his wife wanted to move back to Tennessee. In an effort to retain him, Persons offered to allow Mr. Phillips to move back to Tennessee and work for Persons from a home base of Shelby County, Tennessee.

12. Mr. Phillips agreed. He moved back to Shelby County, Tennessee, and continued to work as an on-site project manager for Persons, with his most recent assignment being to oversee renovation work at a Steel Dynamics, Inc. ("SDI") factory in Columbus, Mississippi. He also had responsibilities as the quality control manager for Persons's industrial piping projects.

13. While on the job at SDI, Mr. Phillips learned from Persons employees who had recently been on another project for Airbus, that Persons's personnel had installed the wrong material on that project. Mr. Phillips learned that rather than admit their error and redo the work, Persons's personnel intended to submit to Airbus a falsified certification that the proper materials had been installed.

14. Because a decision of this importance could cause serious safety concerns and present severe civil, and possibly criminal liability for Persons and the individuals involved, Mr. Phillips immediately raised this issue with his supervisor. He also elected to resign his position with Persons. That day, May 4, 2020, he drove from Columbus, Mississippi, to Mobile, Alabama to return his company cell phone and credit card and to attempt to impress upon Persons the seriousness of the issue at hand. Mr. Buddy Persons, the president of the company, refused to meet with him.

15. In his last week of work on the SDI project, Mr. Phillips worked a total of 83 hours. His regular hourly rate was $45.00. His overtime hourly rate was $67.50. Because he was working out of town, he was also entitled to receive a daily per diem of $75.00. Under the terms of his employment, he was also entitled to a vehicle allowance of $650 per month.

16. A few days after he resigned his position, Mr. Phillips again drove to Mobile, Alabama to return the rest of the company property in his possession. He also sought again to speak to Mr. Persons. Mr. Persons again refused to meet with him, but sent out to him a note bearing the name of the company's lawyer.

17. Mr. Phillips's time sheets for his last week of work were approved by his supervisor and submitted timely along with the other members of his crew.

18. Persons manually removed Mr. Phillips's time entries from its payroll system and refused to pay Mr. Phillips either his wages or his per diem for the final pay period.

19. Moreover, although Persons had already issued a check to Mr. Phillips for his monthly vehicle allowance for the month of April 2020, it stopped payment on the check.

20. In sum, Mr. Phillips is entitled to a total of $5,877.50, broken down as follows:

$1,800.00    40 hours of straight-time pay at $45/hour
$2,902.50    43 hours of overtime pay at $67.50/hour
$  525.00    7 days of per diems for out-of-town work at $75/day
$  650.00    1 month vehicle allowance

21. On May 11, 2020, counsel for Mr. Phillips sent a letter to the lawyer identified by Persons, demanding his unpaid compensation. A copy of that letter is attached hereto as **Exhibit A**.

22. Counsel for Persons responded by letter on May 14, 2020. A copy of this response letter is attached hereto as **Exhibit B**.

23. In this letter, Persons accused Mr. Phillips of falsifying his time sheets, submitting fraudulent receipts for reimbursement, and making fraudulent charges on his company credit card.

24. Persons further accused Mr. Phillips of intentionally sabotaging Persons's work on the SDI project and making intentional false statements and misrepresentations to the project managers at SDI "in hopes of getting PSC fired from the project and obtaining the work for his own company." Persons claimed in this letter that it estimates that Mr. Phillips's actions have cost it over $500,000 in actual damages and back charges on the SDI project and an estimated loss of future work in excess of $2,000,000.00.

25. Persons refused to pay Mr. Phillips his compensation, but instead indicated that it will be seeking damages against Mr. Phillips personally. Persons threatened that it "will be closely monitoring Mr. Phillips' actions in the future."

26. While an employee at Persons, Mr. Phillips had been approached by personnel from SDI about whether Persons could provide a crew of workers to stay on beyond the immediate project to handle day-to-day repair needs. Mr. Phillips presented this opportunity to his supervisor at Persons. Upon being advised that Persons was not interested in pursuing this opportunity, Mr. Phillips has had further discussions with SDI about whether Phillips General may be able to provide such a crew. Mr. Phillips and his contact at SDI both agreed to table those discussions until Persons had completed the subject renovation project.

27. Mr. Phillips was within, and remains within his rights to have such discussions about a corporate opportunity which has been rejected by Persons.

28. Mr. Phillips is not subject to a non-compete agreement or other restrictive covenant which would prevent him from pursuing opportunities with SDI or any other company.

29. Mr. Phillips has not sabotaged Persons's work on the SDI project, and has not made intentional false statements and misrepresentations to anyone at SDI. Nor has he submitted fraudulent time sheets or reimbursement requests, or made fraudulent charges on Persons's credit card.

## COUNT ONE
### (FLSA Violation)

30. Plaintiffs repeat and re-allege the foregoing allegations as if set forth fully herein.

31. Defendant has violated the provisions of the FLSA, 29 U.S.C. §§ 201 *et seq.*, specifically § 207(a)(1), with respect to Plaintiff Steve Phillips by failing to pay him the compensation to which he is entitled, including wages and overtime wages.

32. Defendant's conduct was a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendant knew, or showed reckless disregard for the fact that its compensation practices were in violation of federal law.

33. As a direct and proximate result of Defendant's violations of the FLSA, Plaintiff Steve Phillips is entitled to compensatory damages, liquidated damages, prejudgment and postjudgment interest, and attorneys fees.

## COUNT TWO
### (Breach of Contract)

34. Plaintiffs repeat and re-allege the foregoing allegations as if set forth fully herein.

35. Defendant has breached its agreement with Plaintiff Steve Phillips to pay him compensation he has earned, including wages, overtime wages, per diems, and a monthly vehicle allowance.

36. As a direct and proximate result of Defendant's breaches, Plaintiff Steve Phillips has been damaged in an amount to be determined at trial.

37. Plaintiff Steve Phillips respectfully requests that the Court accept supplemental jurisdiction to resolve this breach of contract claim, as this claim arises out of the same set of operative facts and judicial economy would be served by addressing these claims together.

## COUNT THREE
### (Request for Declaratory Judgment)

38. Plaintiffs repeat and re-allege the foregoing allegations as if set forth fully herein.

39. A justiciable controversy exists over whether Mr. Phillips and Phillips General have committed the business torts alleged by Persons.

40. Plaintiffs request that the Court enter a declaratory judgment declaring that Plaintiffs have not committed tortious conduct as against Persons and that Persons has no ability to prevent Plaintiffs from pursuing any lawful business opportunity.

WHEREFORE, premises considered, Plaintiffs demand the following relief:

1. That a jury be impaneled to try all issues properly presented to a jury;

2. Judgment against Defendant in favor of Mr. Phillips for an amount equal to unpaid back wages at the applicable overtime rates;

3. Judgment against Defendant in favor of Mr. Phillips that its violations of the FLSA were willful;

4. Judgment against Defendant in favor of Mr. Phillips for an equal amount to the overtime damages as liquidated damages;

5. All recoverable costs, expenses, and attorneys' fees incurred in prosecuting Mr. Phillips's FLSA claim;

6. Compensatory damages for Defendant's breach of contract;

7. A declaratory judgment as set forth above; and

8. Such other and further relief as the Court may deem appropriate.

Respectfully submitted,

/s/ Taylor A. Cates
Taylor A. Cates (BPR #20006)
BURCH, PORTER & JOHNSON, PLLC
130 N. Court Avenue
Memphis, TN  38103
Phone:  (901) 524-5000
Fax:     (901) 524-5024
tacates@bpjlaw.com

*Attorney for Plaintiffs*